Dawna DENT, Plaintiff,

v.

**PACKERLAND PACKING COMPANY, INC., Defendant.**

No. 4:CV92–3175.

United States District Court, D. Nebraska.

May 15, 1992.

See also 144 F.R.D. 675.

Kenneth L. Cobb, Cobb, Hallinan Law Firm, Lincoln, Neb., for plaintiff.

Brian D. Nolan, Hansen, Engles Law Firm, Omaha, Neb., for defendant.

Susan L. Knight, U.S. Atty., Lincoln, Neb., for interested party.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

The United States has now again attempted to remove from the District Court of Scotts Bluff County, Nebraska an action pending therein, in which several federal employees have been subpoenaed to give testimony by deposition. The government's previous attempt to remove these actions to this court was unsuccessful, and I remanded the actions back to the state district court for ruling upon the government's motion to quash subpoenas to seven federal employees. (See, 4:CV92–3097–3103, 144 F.R.D. 675, Memorandum and Order, March 30, 1992.) At that time I concluded that this court did not have jurisdiction over the motion to quash then pending in the state district court.

On remand, Judge Hippe of the Scotts Bluff County District Court denied the motion to quash and directed the deponents to appear and give live testimony in accordance with the subpoenas that were issued. That order was issued April 24, 1992. In his discussion of the position of the United States in behalf of its employees, Judge Hippe found that the employees were served in their individual capacities only, and that the United States Department of Agriculture was asserting its federal status only because it simultaneously occupies the position of an employer-defendant in

the plaintiff's pending employment discrimination case against it. Finding that this use of 7 CFR Part 1, Sub-part K, § 1.214 and 5 U.S.C. § 301 is an impermissible abuse of those laws, the state court found that

> the reason shown by the evidence for the behavior of failing to cooperate is to gain a bargaining position over the plaintiff in a separate and unrelated suit. Since the Court finds that the reasons for the refusal have no basis in the laws that are claimed to establish the privilege, the legal basis for sovereign immunity disappears as well. The supremacy of federal law is likewise not involved. As noted, the evidence shows that USDA is not acting in accordance with federal law. They are simply citing laws as reasons for their actions, but the proof shows their real reasons are to interfere with the plaintiff pursuing another constitutionally-based claim against them. (Order overruling motions to quash, p. 4, attached to filing 1 herein.)

■ It is not the province of this court to interfere with the otherwise smooth functioning of sister courts of competent jurisdiction. It is therefore with great reluctance that I revisit this area. The posture of this case has now changed, in that an order to compel has been entered by the state district judge directing federal employees to submit to state court subpoenas and give testimony. Thus, like the situation in *Swett v. Schenk*, 792 F.2d 1447 (9th Cir.1986) the limited area of the order to compel, and any ancillary proceedings such as contempt, may be viewed as separately removable to this court for the sole purpose of giving the federal employees a federal forum in which to assert their immunity defense. *Id.* at 1451 (finding that the employee was not a "defendant" until he was ordered by the state court to testify against his wishes, and until that time there was no basis for removal under 28 U.S.C. § 1442(a)(1).

■ Nevertheless, there is authority for the proposition that in order to be properly removed, the federal officers must be asserting a "federal defense," see, *Mesa v.*

*California*, 489 U.S. 121, 134–37, 109 S.Ct. 959, 967–68, 103 L.Ed.2d 99 (1989) (rejecting the government's theory of "protective jurisdiction" in a criminal context), and the findings of the state district court cast considerable doubt on the assertions of the federal officers in this case. It appears that if the federal employees are being subpoenaed in their personal capacities only, this court may not have proper jurisdiction to hear their claims. A federal court does have jurisdiction to determine its jurisdiction, however, so I shall permit the parties a brief time in which to make their positions clear in this matter.

■ The government has filed with its notice of removal a request for additional time in which to further plead or respond to the state court's order to compel. In order to minimize the interference with the state court proceedings, I shall not grant the thirty days requested, but rather, order the parties to submit their positions forthwith, so that a prompt determination can be made.

IT THEREFORE HEREBY IS ORDERED:

1. The parties are given until Tuesday, May 26, 1992 at 4:00 p.m., Central Time, by which to file in this matter their evidentiary materials in support of their respective positions, and to submit to the undersigned their written arguments concerning (a) whether this court has proper removal jurisdiction under 28 U.S.C. § 1442(a)(1); and if so, the merits to the deponents' positions.

2. The clerk shall forthwith telephone counsel in this matter notifying them of the entry of this order, and transmit a copy thereof to the District Court of Scotts Bluff County.